IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TEACHERS INSURANCE AND** | : | **CIVIL ACTION** |
| **ANNUITY ASSOCIATION** | : | |
| **OF AMERICA,** | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **DANA WINDER,** | : | No. 25-cv-4273 |
| *Defendant.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                              **October 14, 2025**

The Court writes for the benefit of the Parties and assumes familiarity with the facts of the case. Plaintiff Teachers Insurance and Annuity Association of America moves for entry of default judgment against Defendant Dana Winder (ECF No. 12). Plaintiff seeks a judgment in the amount of $201,945.36, pre-judgment interest accruing since March 19, 2025, post-judgment interest, and costs. *See* ECF No. 12-1 at 5. For the reasons set forth below, the Motion (ECF No. 12) will be **GRANTED**. However, the Court declines to award pre-judgment interest.

**I.     BACKGROUND**

Because the Court is deciding a motion for default judgment, it draws the following facts from Plaintiff's Complaint, and it accepts them as true except insofar as they concern the amount of damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Plaintiff Teachers Insurance and Annuity Association of America is a life insurance company that administers a life annuity contract owned by Deborah L. Brewington. ECF No. 1 at 1–2. Defendant Dana Winder is a Pennsylvania resident and a fifty-percent beneficiary of Ms. Brewington's contract. *See id.* at 2.

On January 4, 2025, Ms. Brewington passed away. *Id.* Thereafter, Plaintiff determined that

Ms. Brewington's life annuity contract was valued at $46,406.90. *Id.*; *see also* ECF No. 12-3 at 2. Accordingly, on January 17, 2025, Plaintiff informed Defendant that the then-commuted value of her share of the annuity contract was $23,203.45, minus tax withholdings. *See* ECF No. 1 at 2, 12–15. The commuted value of the annuity contract is the present value of future payments on the contract. *See Rebecca K. Crown Income Charitable Fund v. Commissioner*, 98 T.C. 327, 335 (T.C. 1992), *aff'd*, 8 F.3d 571 (7th Cir. 1993); *see also* ECF No. 12-1 at 5.

In March 2025, Defendant submitted a form to Plaintiff requesting immediate payment of the annuity contract. ECF No. 1 at 3. After receiving the form, due to a clerical error, Plaintiff issued a check to Defendant in the amount of $225,373.31 and credited Defendant an additional $17.98 for Pennsylvania state tax withholding. *See* ECF No. 12-3 at 2. According to Plaintiff, the amount to which Defendant was actually entitled was $23,445.93, which included the adjusted value of her annuity income and two additional payments under the annuity contract that were pending when Ms. Brewington passed away. *See id.* at 3. Thus, Plaintiff represents that it overpaid Defendant by $201,945.36.[1] *Id.* Defendant presented the check she received from Plaintiff for payment on March 19, 2025. ECF No. 1 at 3.

On March 20, 2025, Plaintiff informed Defendant on a phone call that it had overpaid her. *Id.* at 4. Defendant then disconnected the call. *Id.* From March 2025 to July 2025, Plaintiff made numerous additional attempts to recover the overpayment from Defendant, including: (1) calling Defendant multiple times and leaving voicemails instructing her to return the overpayment; (2) sending letters to Defendant regarding the overpayment; and, ultimately, (3) retaining a collections service that unsuccessfully attempted to recover the overpayment. *See id.* at 4–5. Defendant

---

[1] This represents the amount credited to Defendant ($225,373.31 + $17.98) minus the amount to which Defendant was entitled ($23,445.93). ECF No. 12-3 at 3.

ignored all calls and correspondence by Plaintiff and ignored or disconnected calls made by the collections service. *Id.*

In connection with the above events, Plaintiff brought this action against Defendant, asserting claims for conversion (Count 1), restitution (Count 2), and unjust enrichment (Count 3). *See id.* at 6–8. On July 31, 2025, a process server hand delivered the summons and Complaint at Defendant's residence to an individual identified as Defendant's "roommate/relative." ECF No. 9 at 1.

Defendant has not responded to the Complaint, contacted Plaintiff, or entered an appearance in this litigation. *See* ECF No. 12-1 at 14. Accordingly, upon Plaintiff's request, ECF No. 10 at 1, the Clerk of Court entered a default against Defendant. ECF No. 11 at 1. Plaintiff then moved for entry of default judgment on September 16, 2025, *see* ECF No. 12 at 1, to which Defendant also did not respond. Plaintiff's Motion is now pending before this Court.

## II.  **DISCUSSION**

Under Federal Rule of Civil Procedure 55, a plaintiff may move for default judgment once the Clerk of Court enters a default against the defendant. Fed. R. Civ. P. 55(b). Where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the plaintiff submits "an affidavit showing the amount due," and the defaulting defendant is "neither a minor nor an incompetent person," the Clerk of Court "must enter judgment for that amount and costs." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

When the plaintiff applies to the court for a default judgment, the district court may hold a hearing to assist with the calculation of damages, though it is not categorically required to do so. *See Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724–25 (3d Cir. 2009) (per curiam). However, the court has an obligation to determine whether the plaintiff's asserted damages are

appropriate. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) ("While the District Court may not have been obligated to hold an evidentiary hearing, it could not just accept [the plaintiff's] statement of the damages.").

Here, on its face, Plaintiff's claims appear to be for "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). A claim is for a sum certain if, once a default is established, "there is no doubt as to the amount to which a plaintiff is entitled," such as claims involving negotiable instruments. *See KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003). Plaintiff submitted evidence—a detailed declaration from Plaintiff's Senior Director of Life Event Services—that Defendant was entitled to receive $23,445.93. *See* ECF No. 12-3 at 1, 3. However, Plaintiff paid Defendant $225,373.31 and credited her an additional $17.98 in Pennsylvania state taxes, as recorded in Defendant's state tax record. *See id.* at 3. Thus, Defendant received an alleged overpayment of $201,945.36. *Id.* The overpayment amount can be established with mathematical precision, *see* Fed. R. Civ. P. 55(b)(1), and is therefore not subject to doubt. *See UnitedHealthcare Ins. Co. v. Holley*, 724 F. App'x 285, 286, 289 (5th Cir. 2018) (where suit involved an "alleged $2,065,115.87 in overpayments made by [the insurer] to [the defendant]," the judgment was for a sum certain). Plaintiff therefore seemingly could have applied to the Clerk of Court for a default judgment, and the Clerk of Court would have been required to enter "judgment for that amount and costs." *See* Fed. R. Civ. P. 55(b)(1).

However, Plaintiff also seeks pre-judgment and post-judgment interest, *see* ECF No. 12-1 at 5, and the decision to award pre-judgment interest is discretionary. *See Kaiser v. Old Republic Ins. Co.*, 741 A.2d 748, 755 (Pa. Super. Ct. 1999). Accordingly, Plaintiff applied to this Court for a default judgment. The Court therefore turns to the factors it must consider prior to granting a default judgment.

When a defendant has been properly served, a court has discretion to enter default judgment based on its consideration of three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[2] *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). These factors weigh in favor of granting Plaintiff's motion for default judgment. Here, Defendant appears to have been properly served, since a process server hand delivered the summons and Complaint to her residence and left them with an individual identified by the process server as her roommate and relative, *see* ECF No. 9 at 1. *See* Fed. R. Civ. P. 4(e)(2)(B). Next, Plaintiff would be prejudiced if a default judgment were not entered. For nearly seven months, Defendant has not responded to Plaintiff's communications about the overpayment, and there is a risk that the overpayment amount will be made more difficult to recover if Defendant spends or transfers it. *See* ECF No. 1 at 4–5.

Nor does Defendant seem to have a litigable defense, at least on the limited record before the Court. District courts in this circuit are split on whether a defendant's failure to appear creates a presumption that a defendant lacks a litigable defense. *See Baymont Franchise Sys. v. Narnarayandev, LLC*, 348 F.R.D. 220, 234 (D.N.J. 2024) (discussing the split in authority). However, even if such a presumption does not exist, no obvious defenses—such as a statute of limitations defense—are apparent from the record.

Finally, Defendant's delay is seemingly due to culpable conduct. Defendant has

---

[2] The Third Circuit has also noted that "[b]efore granting default judgment, a district court may consider whether 'the unchallenged facts constitute a legitimate cause of action.'" *J&J Sports Prods., Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018) (citation omitted). Here, Plaintiff asserts claims for conversion, unjust enrichment, and restitution. ECF No. 1 at 6–8. Given that Defendant has allegedly retained an overpayment despite Plaintiff's attempts to recover it, Plaintiff appears to state legitimate causes of action for conversion and unjust enrichment. With respect to restitution, it appears that this is not a distinct cause of action under Pennsylvania law. *See Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006).

disconnected calls with Plaintiff and the collections service retained by Plaintiff and repeatedly ignored Plaintiff's attempts to recover the overpayment. This behavior appears to reflect purposeful attempts to avoid returning the overpayment. And here, Plaintiff has presented evidence and calculations, as discussed above, that the overpayment amount is $201,945.36. *See* ECF No. 12-3 at 3. Accordingly, a default judgment in the amount of $201,945.36 is proper.

Plaintiff also moves for this Court to award costs, pre-judgment interest, and post-judgment interest. *See* ECF No. 12-1 at 16. Under Federal Rule of Civil Procedure 54, the prevailing party is entitled to recover costs, Fed. R. Civ. P. 54(d)(1), which are taxed according to the procedures set forth by 28 U.S.C. § 1924 and applicable local rules. *See* 28 U.S.C. § 1924 (requiring verification of costs). Accordingly, this Court will award costs, which shall subsequently be taxed subject to Plaintiff's compliance with 28 U.S.C. § 1924 and this District's Local Rule of Civil Procedure 54.1.

The default judgment shall also include post-judgment interest. Under 28 U.S.C. § 1961, post-judgment interest on monetary judgments in civil cases is mandatory. *See Dunn v. HOVIC*, 13 F.3d 58, 60–61 (3d Cir. 1993); *see also* 28 U.S.C. § 1961(a) (noting that interest calculated from when judgment is entered "*shall* be allowed" in civil cases (emphasis added)). The Court will award post-judgment interest at the default rate prescribed by 28 U.S.C. § 1961. *See* 28 U.S.C. § 1961 (requiring post-judgment interest to be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding").

However, the Court declines to award pre-judgment interest. Plaintiff seeks pre-judgment interest beginning on March 19, 2025—the date on which Defendant presented the check she received from Plaintiff for payment—at a rate of 6%. *See* ECF No. 12-1 at 6, 18. When—like

here—a district court sits in diversity, the decision to award pre-judgment interest is controlled by state law.[3] *See Zippertubing Co. v. Teleflex, Inc.*, 757 F.2d 1401, 1414 (3d Cir. 1985); *see also Yohannon v. Keene Corp.*, 924 F.2d 1255, 1264 (3d Cir. 1991). Under Pennsylvania law, pre-judgment interest "is a matter of right" in breach-of-contract actions involving liquidated sums. *Cresci Constr. Servs. v. Martin*, 64 A.3d 254, 260 (Pa. Super. Ct. 2013). In all other cases, "pre-judgment interest *may* be awarded 'when a defendant holds money or property which belongs in good conscience to the plaintiff, and the objective of the court is to force disgorgement of his unjust enrichment.'" *Kaiser*, 741 A.2d at 755 (emphasis added) (citation omitted). However, "the general rule is that a successful litigant is entitled to interest beginning only on the date of the verdict." *Id.* And the purpose of pre-judgment interest is compensatory, not punitive. *See Booker v. Taylor Milk Co.*, 64 F.3d 860, 868 (3d Cir. 1995).

This is not a breach-of-contract action, and the decision to award pre-judgment interest is therefore within this Court's discretion. The Court declines to award pre-judgment interest here. Plaintiff's brief section on pre-judgment interest presents no argument for why pre-judgment interest in particular is necessary to make Plaintiff whole. *See* ECF No. 12-1 at 17–18. Rather, post-judgment interest appears adequate to force disgorgement by Defendant under these circumstances. *See Genworth Life & Health Ins. Co. v. Beverly*, 547 F. Supp. 2d 186, 190 (N.D.N.Y. 2008) (in a case involving an alleged overpayment, declining to award pre-judgment interest when entering a default judgment because the plaintiff lacked arguments for why pre-judgment interest was necessary to fully compensate it, the impact of inflation was small, and the

---

[3] By contrast, post-judgment interest is mandatory in civil cases in federal court, even when the court sits in diversity. *See Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

7

court was not aware of the defaulting defendant's financial circumstances). Moreover, this Court "is without the benefit of [Defendant's] view of this action or knowledge of her financial status." *Id.* And "in light of the relatively [modest] pre-judgment interest award the plaintiff would receive . . . the court deems it proper to forego an award of pre-judgment interest altogether." *Id.*

### III.    CONCLUSION

For the foregoing reasons, the Motion for Default Judgment (ECF No. 12) will be **GRANTED**, except with respect to pre-judgment interest. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**